# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| FLEET CONNECT SOLUTIONS, a Texas limited liability company,<br><br>　　　　　　Plaintiff,<br>v.<br><br>GOLDBERG ASSET MONITORING, LLC, a Texas limited liability company, doing business as EFFICIENT FLEETS.<br><br>　　　　　　Defendant. | CIVIL ACTION FILE NO.<br>6:20-cv-01095<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement under 35 U.S.C. § 271, *et seq.*, in which Plaintiff Fleet Connect Solutions LLC ("Fleet Connect"), makes the following allegations against Defendant Goldberg Asset Monitoring, LLC d/b/a Efficient Fleets ("Efficient Fleets"):

### Parties

1.　　Fleet Connect is a limited liability company formed under the laws of Texas with its registered office address located in Austin, Texas.

2.　　Upon information and belief, Goldberg Asset Monitoring is a Texas limited liability company doing business as Efficient Fleets. Efficient Fleets has an office located in this judicial district, including offices located at 437 McCarty, Suite D, San Antonio, Texas 78216 and 19315 Bartlett Ba, San Antonio, Texas 78258. Defendant may be served with process upon its registered agent, Michael Goldberg, at the following address: 5763 Cedar Cove, San Antonio, Texas 78249.

**Nature of the Action**

3. This is a civil action for the infringement of the following U.S. Patents: U.S. Patent No. 8,005,053 (attached as **Exhibit A**, the "053 Patent"), U.S. Patent No. 7,742,388 (attached as **Exhibit B**, the "388 Patent"), U.S. Patent No. 7,656,845 (attached as **Exhibit C**, the "845 Patent"), U.S. Patent No. 7,058,040 (attached as **Exhibit D**, the "040 Patent"), and U.S. Patent No. 8,494,581 (attached as **Exhibit E**, the "581 Patent"). These patents are referred to collectively as the "Patents-In-Suit".

4. Fleet Connect is the owner by assignment of the Patents-In-Suit, including the right to recover damages for past and ongoing infringement of the Patents-In-Suit.

**Jurisdiction and Venue**

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271, *et seq*.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Efficient Fleets maintains a regular and established place of business in this District, including an office at 437 McCarty, Suite D San Antonio, TX 78216, and has transacted business in this District, and committed acts of patent infringement in this District.

7. Efficient Fleets is subject to this Court's specific and general personal jurisdiction pursuant to due process, due at least to its substantial business in this forum, including (i) certain of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

**The Patents-In-Suit**

8. The 053 Patent (Exhibit A) lawfully issued on August 23, 2011. The 053 Patent claims priority to Application No. 11/402,172, filed on April 11, 2006 (now U.S. Patent No. 7,656,845, which is a continuation of Application No. 09/962,718, filed on September 21, 2001 (now U.S. Patent No. 7,058,040)). The 053 Patent is titled "Channel Interference Reduction".

9. The 053 Patent is valid and enforceable.

10. The 388 Patent (Exhibit B) lawfully issued on June 22, 2010. The 388 Patent claims priority to Provisional Application No. 60/589,158, filed on July 20, 2004. The 388 Patent is titled "Packet Generation Systems and Methods".

11. The 388 Patent is valid and enforceable.

12. The 845 Patent (Exhibit C) lawfully issued on February 2, 2010. The 845 Patent claims priority to Application No. 09/962,718, filed on September 21, 2001 (now U.S. Patent No. 7,058,040). The 845 Patent is titled "Channel Interference Reduction".

13. The 845 Patent is valid and enforceable.

14. The 040 Patent (Exhibit D) lawfully issued on June 6, 2006. The 040 Patent claims priority to Application No. 09,962,718, filed on September 21, 2001. The 040 Patent is titled "Channel Interference Reduction".

15. The 040 Patent is valid and enforceable.

16. The 581 Patent (Exhibit E) lawfully issued on July 23, 2013. The 581 Patent claims priority to Application No. 11/262,699, filed on October 31, 2005 (now U.S. Patent No. 7,593,751, which is a continuation of Application No. 09/955,543, filed on September 17, 2001 (now U.S. Patent No. 6,961,586)) and Provisional Application No. 60/233,120, filed on September 18, 2000. The 581 Patent is titled "System and Methods for Management of Mobile Field Assets Via Wireless Handheld Devices".

17. The 581 Patent is valid and enforceable.

18. The Accused Instrumentalities in this case include, for example, the Omnitracs Intelligent Vehicle Gateway ("IVG"). On information and belief, Efficient Fleets is an authorized reseller of Omnitracs' products, and offers for sale, has sold, and continues to sell the IVG.

19. Claims charts, incorporated hereby by reference, are attached hereto as **Exhibits F-J**, comparing the Accused Instrumentality to the elements of the Patents-In-Suit on an element-by-element basis to show that the Accused Instrumentality practices at least one claim of each of the Patents-In-Suit.

**Count 1:**
**Infringement of U.S. Patent No. 8,005,053 (053 Patent)**

20. Fleet Connect herein incorporates the contents of the preceding paragraphs 1-19 as if restated fully herein.

21. Efficient Fleets has infringed one or more claims of the 053 Patent under 35 U.S.C. § 271(a). Efficient Fleets has infringed the 053 Patent by selling and/or offering for sale the Accused Instrumentality in the United States. For example, see the claim chart attached hereto as **Exhibit F** and hereby incorporated by reference.

22. As a result of the continuing infringement of the 053 Patent, Fleet Connect has suffered damages, and is entitled, at a minimum, to recover a reasonable royalty to compensate for the infringement.

## Count 2:
## Infringement of U.S. Patent No. 7,742,388 (388 Patent)

23.     Fleet Connect herein incorporates the contents of the preceding paragraphs 1-19 as if restated fully herein.

24.     Efficient Fleets has infringed one or more claims of the 388 Patent under 35 U.S.C. § 271(a). Efficient Fleets has infringed the 388 Patent by selling and/or offering for sale the Accused Instrumentality in the United States. For example, see the claim chart attached hereto as **Exhibit G** and hereby incorporated by reference.

25.     As a result of the continuing infringement of the 388 Patent, Fleet Connect has suffered damages, and is entitled, at a minimum, to recover a reasonable royalty to compensate for the infringement.

## Count 3:
## Infringement of U.S. Patent No. 7,656,845 (845 Patent)

26.     Fleet Connect herein incorporates the contents of the preceding paragraphs 1-19 as if restated fully herein.

27.     Efficient Fleets has infringed one or more claims of the 845 Patent under 35 U.S.C. § 271(a). Efficient Fleets has infringed the 845 Patent by selling and/or offering for sale the Accused Instrumentality in the United States. For example, see the claim chart attached hereto as **Exhibit H** and hereby incorporated by reference.

28.     As a result of the continuing infringement of the 845 Patent, Fleet Connect has suffered damages, and is entitled, at a minimum, to recover a reasonable royalty to compensate for the infringement.

### Count 4:
### Infringement of U.S. Patent No. 7,058,040 (040 Patent)

29. Fleet Connect herein incorporates the contents of the preceding paragraphs 1-19 as if restated fully herein.

30. Efficient Fleets has infringed one or more claims of the 040 Patent under 35 U.S.C. § 271(a). Efficient Fleets has infringed the 040 Patent by selling and/or offering for sale the Accused Instrumentality in the United States. For example, see the claim chart attached hereto as **Exhibit I** and hereby incorporated by reference.

31. As a result of the continuing infringement of the 040 Patent, Fleet Connect has suffered damages, and is entitled, at a minimum, to recover a reasonable royalty to compensate for the infringement.

### Count 5:
### Infringement of U.S. Patent No. 8,494,581 (581 Patent)

32. Fleet Connect herein incorporates the contents of the preceding paragraphs 1-19 as if restated fully herein.

33. Efficient Fleets has infringed one or more claims of the 581 Patent under 35 U.S.C. § 271(a). Efficient Fleets has infringed the 581 Patent by selling and/or offering for sale the Accused Instrumentality in the United States. For example, see the claim chart attached hereto as **Exhibit J** and hereby incorporated by reference.

34. As a result of the continuing infringement of the 581 Patent, Fleet Connect has suffered damages, and is entitled, at a minimum, to recover a reasonable royalty to compensate for the infringement.

## Prayer for Relief

Wherefore, Fleet Connect respectfully requests that this Court enter judgment against Efficient Fleets as follows:

a) The Accused Instrumentality as sold and offered for sale by Efficient Fleets infringes each of the Patents-in-Suit, literally or, alternatively, under the Doctrine of Equivalents;

b) Fleet Connect is entitled to its damages resulting from these infringements in the amount that is no lower than a reasonable royalty, together with prejudgment and post-judgment interest thereon;

c) Fleet Connect be awarded an accounting for any post-verdict infringement; and

d) The Court grant Fleet Connect such other and additional relief as the Court determines to be just and proper.

## Demand for Jury Trial

Fleet Connect hereby demands a trial by jury on all claims and issues so triable.

DATED this 1st day of December, 2020.

RESPECTFULLY SUBMITTED,

*/s/ John A. "Andy" Powell*
John A. "Andy" Powell
State Bar No. 24029775
USPTO Reg. No. 71,533
powell@namanhowell.com
John P. Palmer
State Bar No. 15430600
palmer@namanhowell.com
Jacqueline P. Altman
State Bar No. 24087010
jaltman@namanhowell.com
NAMAN HOWELL SMITH & LEE, PLLC
400 Austin Ave., Suite 800
Waco, Texas 76701
Tel.: (254) 755-4100
Fax: (254) 754-6331

*Local Counsel for Plaintiff*

-and-

*/s/ Steven G. Hill*
Steven G. Hill
Pro Hac Vice pending
Georgia Bar No. 354658
sgh@hkw-law.com
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway
Atlanta, Georgia 30339
Tel.: (770) 953-0995
Fax: (770) 953-1358

*Lead Counsel for Plaintiff*